COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Fitzpatrick

PHYLLIS L. DAYE

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1106-06-1                               PER CURIAM
                                                         OCTOBER 24, 2006
ATRIA HILLTOP AND
  SENTRY INSURANCE A MUTUAL COMPANY

                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Phyllis L. Daye, *pro se*, on briefs).

                (Arthur T. Aylward; Angela C. Fleming; Midkiff, Muncie & Ross,
                P.C., on brief), for appellees.


        Phyllis L. Daye (claimant) appeals a decision of the Workers' Compensation

Commission finding that she failed to establish that Atria Hilltop and its insurer (hereinafter

referred to as "employer") were responsible for the cost of certain medical treatment associated

with her left wrist under the terms of the compromise settlement approved by the commission.

We have reviewed the record and the commission's opinion and find that this appeal is without

merit.  Accordingly, we affirm for the reasons stated by the commission in its final opinion.  See

Daye v. Atria Hilltop, VWC File No. 192-81-40 (Mar. 27, 2006).  We dispense with oral

argument and summarily affirm because the facts and legal contentions are adequately presented

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

in the materials before the Court and argument would not aid the decisional process.  See Code

§ 17.1-403; Rule 5A:27.[1]

Affirmed.

---

[1] In summarily affirming the commission's decision, we did not consider on appeal the numerous questions and arguments raised by claimant in her brief related to issues which were not properly before the commission or the subject of its decision and which are not properly before us on appeal or within our appellate jurisdiction.  In addition, because we summarily affirm the commission's decision, we deny employer's motion to dismiss.